# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| TERRIS RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MY KIDZ DENTIST LLC and MY ) <br> PEDIATRIC DENTIST, LLC, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: <br> 3:15-cv-153-TCB |

## COMPLAINT

PLAINTIFF TERRIS RICHARDSON ("Plaintiff") hereby files this Complaint against DEFENDANTS MY KIDZ DENTIST LLC and MY PEDIATRIC DENTIST, LLC ("Defendants") and for this cause of action states the following:

## NATURE OF THE CLAIM

1. Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. This action seeks damages for Defendants' retaliatory actions and for unpaid overtime compensation, liquidated damages, expenses of litigation,

reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## THE PARTIES

5. Plaintiff is a resident of Georgia and was employed by Defendants from 2014 until the termination of her employment on September 4, 2015.

6. Defendant My Kidz Dentist LLC is a limited liability company organized under the laws of the State of Georgia. Its principal address is 1741 Newnan Crossing Blvd., Suite I, Newnan, GA 30265 and it can be served with process via its registered agent, Lona Bibbs, at this address.

7. Defendant My Pediatric Dentist, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal address is 1741 Newnan Crossing Blvd., Suite I, Newnan, GA 30265 and it can be served with process via its registered agent, Lona Bibbs, at this address.

8. During Plaintiff's employment with Defendants, she worked at Defendants' medical offices located in Atlanta and Newnan. Defendant My Pediatric Dentist is listed as Plaintiff's employer on her Time Punch Reports, and Defendant My Kidz Dentist is listed as Plaintiff's employer on her pay stubs.

9. Upon information and belief, Defendants were Plaintiff's joint employers during the relevant timeframe.

## FACTUAL ALLEGATIONS

10. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because they had employees engaged in commerce and because their annual gross sales volume exceeds $500,000.

12. At all times relevant to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

13. At all times relevant to this action, Defendants employed Plaintiff as an Office Manager.

14. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendants and was subject to the overtime provisions of the FLSA.

I. Defendants Fail To Properly Compensate Plaintiff And Edit Her Time Records.

15. At all times relevant to this action, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate her properly. Plaintiff's supervisor was aware of the hours Plaintiff worked for which she was not properly compensated.

16. Plaintiff was deprived of compensation to which she was entitled through Defendants' practice of editing Plaintiff's time records to reflect fewer hours than she actually worked and compensating her based on the edited time records.

17. For example, Defendants repeatedly edited Plaintiff's time records to reflect a clock-in time of 8:00 a.m., despite that Plaintiff regularly clocked in and

began working between 7:20 a.m. and 7:40 a.m. Additionally, Defendants repeatedly edited Plaintiff's time records to reflect a one hour meal break in the middle of her day, despite that Defendant rarely provided Plaintiff with a bona fide meal break during her employment. A sample of Plaintiff's edited timesheets is attached as Exhibit 1.

18. As a result of this practice, Defendants failed to credit and pay Plaintiff properly for all overtime hours she worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

19. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

II. Defendants Retaliate Against Plaintiff For Complaining About Her Compensation.

20. In or about August 2015, Plaintiff complained to Defendants about the editing of her time records and the failure to pay her the overtime to which she was entitled.

21. Shortly thereafter, in early September 2015, Defendants transferred Plaintiff from their Atlanta location to their Newnan location.

22. The transfer was in retaliation for Plaintiff's complaints about her compensation. Not only did Defendants transfer Plaintiff to a location that already had an Office Manager, but they also changed her duties to those of a front desk

worker. Additionally, the transfer caused Plaintiff to endure a commute to work each day that was triple the amount of time of her previous commute.

23. On September 4, 2015, Defendants terminated Plaintiff's employment.

24. Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

25. Plaintiff has consented to participate in this action. [Ex. 2.]

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

26. Plaintiff re-alleges paragraphs 1 through 25 above and incorporates them here by reference.

27. By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Defendants' actions in failing to compensate Plaintiff were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

29. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

**(Retaliation Under 29 U.S.C. § 215)**

30. Plaintiff re-alleges paragraph 1 through 29 above and incorporates them here by reference.

31. This claim arises from Defendants' unlawful and willful retaliation against Plaintiff in violation of the FLSA.

32. Defendants retaliated and discriminated against Plaintiff in violation of 29 U.S.C. § 215(a)(3) when they transferred her and terminated her employment in response to her attempt to assert her rights to overtime compensation under the FLSA.

33. As a direct result of Defendants' retaliatory and discriminatory actions alleged herein, Plaintiff suffered and will continue to suffer mental anguish, emotional distress, humiliation, embarrassment, pain and suffering, loss of the enjoyment of life, and loss of pay and benefits, both past and future.

34. Plaintiff is entitled to back and front pay, liquidated damages, compensatory damages including mental anguish, emotional distress, attorneys' fees, costs of suit, and all other damages available at law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award her:

    i. damages in the amount of her unpaid wages pursuant to the FLSA;

    ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

    i. back and front pay, liquidated damages, compensatory damages including those for mental anguish and emotional distress, and all other damages available at law or in equity;

    ii. prejudgment interest;

    iii. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

    iv. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

    v. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: October 2, 2015

> By: /s/ Andrew L. Weiner
> Andrew L. Weiner
> Georgia Bar No. 808278
> Jeffrey B. Sand
> Georgia Bar No. 181568
> THE WEINER LAW FIRM LLC
> 3525 Piedmont Road
> 7 Piedmont Center, 3rd Floor
> Atlanta, Georgia 30305
> (404) 205-5029 (Tel.)
> (404) 254-0842 (Tel.)
> (866) 800-1482 (Fax)
> aw@atlantaemployeelawyer.com
> js@atlantaemployeelawyer.com
>
> COUNSEL FOR PLAINTIFF